**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

**ANNIE JEAN JOHNSON,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 8:20-cv-00748-GJH**

**WELLS FARGO BANK, NA, *et al.*,**

      **Defendants.**

**<u>DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S</u>**
**<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff's Complaint ("Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.  Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations that relate to the actions of third-parties and therefore denies the same.  Experian further states that its investigation of the present matter is ongoing.  Accordingly, Experian reserves the right to amend this answer.  In response to the numbered paragraphs in the Complaint, Experian states as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.      In response to paragraph 1 of the Complaint, Experian states that paragraph 1 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 1 of the Complaint.

2.      In response to paragraph 2 of the Complaint, Experian states that paragraph 2 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 2 of the Complaint.

3.      In response to paragraph 3 of the Complaint, Experian states that paragraph 3 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 3 of the Complaint.

4.      In response to paragraph 4 of the Complaint, Experian states that paragraph 4 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq.*, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Experian admits that Plaintiff purports to set forth a quotation from *Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982). Experian affirmatively states that the case referenced speaks for itself as to its claims, defenses,

and legal effect, and on that basis, denies any allegations of paragraph 7 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Experian denies it has harmed Plaintiff either willfully or negligently and denies that it violated the common law or the FCRA. As to the allegations pertaining to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

**JURISDICTION**

10.      In response to paragraph 10 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367.  Experian states that this is a legal conclusion, which is not subject to denial or admission.

**PARTIES**

11.      In response to paragraph 11 of the Complaint, Experian admits that, upon information and belief, Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).  Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.     In response to paragraph 12 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13.     In response to paragraph 13 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14.     In response to paragraph 14 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California, and that it is qualified to do business and conducts business in the State of Maryland.

15.     In response to paragraph 15 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     In response to paragraph 16 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  As to the allegations in paragraph 16 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

17.     In response to paragraph 17 of the Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).  As to the allegations in paragraph 17 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

18.     In response to paragraph 18 of the Complaint, Experian states that paragraph 18 contains allegations to which no response is required.  To the extent the Court deems any answer

to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Experian states that paragraph 19 contains allegations to which no response is required. To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Experian admits that Plaintiff purports to summarize portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Experian states that the remaining allegations of paragraph 20 are such that no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Experian admits that Plaintiff purports to summarize portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

22.     In response to paragraph 22 of the Complaint, Experian states that it contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Experian states that paragraph 23 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian admits that Plaintiff purports to describe the legal obligations placed on furnishers by the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  In response to the remaining allegations of paragraph 24, Experian states that no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every remaining allegation of paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Experian states that paragraph 25 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Experian states that paragraph 26 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein and therefore denies the same.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 28 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

29.     In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the

allegations in paragraph 29 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

30.     In response to paragraph 30 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein and therefore denies the same.

31.     In response to paragraph 31 of the Complaint, Experian admits that it sent Plaintiff a copy of her consumer disclosure on or about November 1, 2019, December 14, 2019, January 13, 2020, and February 6, 2020.  Except as specifically admitted, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 31 of the Complaint and therefore denies the same.

32.     In response to paragraph 32 of the Complaint, Experian admits that it furnished Plaintiff's consumer reports to third parties.  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages or other relief.  Experian further states that the remaining allegations are so vague and ambiguous as pled that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis Experian denies, generally and specifically, each and every remaining allegation of paragraph 32 that relates to Experian.  As to the allegations in paragraph 32 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

## CRA INACCURACIES

33.     In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 33 that relate to other defendants, Experian lacks knowledge or

information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

34.     In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 34 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

35.     In response to paragraph 35 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff regarding Plaintiff's Wells Fargo account on or about October 10, 2019, November 22, 2019, January 6, 2020, and January 21, 2020, which correspondence speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint that relates to Experian.  As to the allegations in paragraph 35 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

36.     In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 36 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

37.     In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 37 that relate to other defendants, Experian lacks knowledge or

information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

38.     In response to paragraph 38 of the Complaint, Experian admits that it forwarded Plaintiff's disputes to Wells Fargo through the e-Oscar system on or about October 16, 2019, November 28, 2019, and January 25, 2020, which sent Automated Consumer Dispute Verification forms ("ACDVs") to Wells Fargo.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint that relates to Experian.  As to the allegations of paragraph 38 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations and therefore denies the same.

39.     In response to paragraph 39 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint that relates to Experian.  As to the allegations in paragraph 39 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

## <u>COUNT I</u>
## <u>VIOLATION OF 15 U.S.C. § 1681e(b) By Equifax. Experian and Trans Union</u>

40.     In response to paragraph 40 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 39 of the Complaint as if fully set out herein.

41.     In response to paragraph 41 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

42.     In response to paragraph 42 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA.  As to the allegations in paragraph 42 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

43.     In response to paragraph 43 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

44.     In response to paragraph 44 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

45.     In response to paragraph 45 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

46.     In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 46 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

47.     In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 47 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

48.     In response to paragraph 48 of the Complaint, Experian states that paragraph 48 contains allegations to which no response is required.  To the extent the Court deems any answer to be necessary, Experian denies, generally and specifically, each and every allegation of paragraph 48 of the Complaint.

49.     In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 49 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

50.     In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 50 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

51.     In response to paragraph 51 of the Complaint, Experian admits that Plaintiff purports to describe portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Complaint.

52.     In response to paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 52 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

53.     In response to paragraph 53 of the Complaint, Experian admits that Plaintiff purports to describe portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Complaint.

54.     In response to paragraph 54 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 54 of the Complaint that relates to Experian.  As to the allegations in paragraph 54 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

55.     In response to paragraph 55 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 55 of the Complaint that relates to Experian.  As to the allegations in paragraph 55 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

56.     In response to paragraph 56 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint that relates to Experian.  As to the allegations in paragraph 56 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

57.     In response to paragraph 57 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian further denies that Plaintiff is entitled to

any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint that relates to Experian.  As to the allegations in paragraph 57 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

58.     In response to paragraph 58 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681n from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 58 of the Complaint that relates to Experian.  As to the allegations in paragraph 58 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

59.     In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 59 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i BY EQUIFAX, EXPERIAN AND TRANS UNION

60.     In response to paragraph 60 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 59 of the Complaint as if fully set out herein.

61.     In response to paragraph 61 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

62.     In response to paragraph 62 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

63.     In response to paragraph 63 of the Complaint, Experian admits that Plaintiff purports to set forth portions of the FCRA, which speaks for itself, and denies any allegations inconsistent therewith.

64.     In response to paragraph 64 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 64 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

65.     In response to paragraph 65 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 65 of the Complaint that relates to Experian.  As to the allegations in paragraph 65 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

66.     In response to paragraph 66 of the Complaint, Experian states that the allegations are so vague and ambiguous as pled that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis Experian denies, generally and specifically, each and every allegation of paragraph 66 of the Complaint that relates to Experian.  As to the allegations in paragraph 66 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

67.     In response to paragraph 67 of the Complaint, Experian states that the allegations are so vague and ambiguous as pled that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis Experian denies, generally and specifically, each and every allegation of paragraph 67 of the Complaint that relates to Experian.  As to the allegations in paragraph 67 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

68.     In response to paragraph 68 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 68 of the Complaint that relates to Experian.  As to the allegations in paragraph 68 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

69.     In response to paragraph 69 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian further denies that Plaintiff suffered any damages as alleged in paragraph 69 of the Complaint as a result of Experian.  Experian further denies, generally and specifically, each and every remaining allegation of paragraph 69 of the Complaint that relates to Experian. As to the allegations in paragraph 69 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

70.     In response to paragraph 70 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 70

of the Complaint that relates to Experian.  As to the allegations in paragraph 70 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

71.     In response to paragraph 71 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent.  Experian further denies that Plaintiff is entitled to any damages or attorneys' fees whatsoever pursuant to 15 U.S.C. § 1681n from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 71 of the Complaint that relates to Experian.  As to the allegations in paragraph 71 that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of such allegations and therefore denies the same.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1681s-2(b) BY WELLS**

72.     In response to paragraph 72 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 71 of the Complaint as if fully set out herein.

73.     In response to paragraph 73 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 73 of the Complaint and therefore denies the same.

74.     In response to paragraph 74 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 74 of the Complaint and therefore denies the same.

75.     In response to paragraph 75 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 75 of the Complaint and therefore denies the same.

76.      In response to paragraph 76 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 76 of the Complaint and therefore denies the same.

## COUNT IV
## DEFAMATION BY WELLS

77.      In response to paragraph 77 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 76 of the Complaint as if fully set out herein.

78.      In response to paragraph 78 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 78 of the Complaint and therefore denies the same.

79.      In response to paragraph 79 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 79 of the Complaint and therefore denies the same.

80.      In response to paragraph 80 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 80 of the Complaint and therefore denies the same.

81.      In response to paragraph 81 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 81 of the Complaint and therefore denies the same.

82.      In response to paragraph 82 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 82 of the Complaint and therefore denies the same.

83.     In response to paragraph 83 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83 of the Complaint and therefore denies the same.

84.     In response to paragraph 84 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84 of the Complaint and therefore denies the same.

In response to Plaintiff's demand for relief, Experian denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Experian.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the result of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff cannot recover against Experian to the extent that her Complaint fails to state a claim for relief for punitive damages.  Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Maryland.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's claims fail to the extent they are barred by the applicable statutes of limitation,

including but not limited to 15 U.S.C. § 1681p.

### NINTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's claims fail to the extent they are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE
**(Right To Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses at such time and to

such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     That Experian be dismissed as a party to this action;

(3)     For costs of suit and attorneys' fees herein incurred; and

(4)     For such other and further relief as the Court may deem just and proper.

Dated: July 6, 2020                         Respectfully submitted,

                                            */s/  Dia Rasinariu*
                                            Dia Rasinariu (D. Md. Bar #20031)
                                            JONES DAY
                                            51 Louisiana Ave., N.W.
                                            Washington, D.C. 20001
                                            Phone:  (202) 879-3939
                                            Email:  drasinariu@jonesday.com

                                            *Counsel for Experian Information Solutions,*
                                            *Inc.*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 6, 2020, I electronically filed the foregoing document with

the Clerk of the Court for the United States District Court for the District of Maryland by using

the CM/ECF system.


      */s/ Dia Rasinariu*
Dia Rasinariu